**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERENCE ALVIN JOHNSON,

    Petitioner,                        Civil No. 2:09-CV-10395
                                        HONORABLE GERALD E. ROSEN
v.                                        CHIEF UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO REINSTATE THE HABEAS PETITION, AMENDING CAPTION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND THE RULE 5 MATERIALS .</u>**

On March 6, 2009, this Court held petitioner's habeas application in abeyance and administratively closed the case, in order to allow petitioner to return to the state courts to exhaust additional claims that had not been presented to the state courts. *Johnson v. Harry,* No. 2009 WL 596130 (E.D. Mich. March 6, 2009). Petitioner has now sent a letter to this Court, which the Court construes as a motion to reinstate the habeas petition[Court Dkt. # 14]. Petitioner has also filed an amended petition for writ of habeas corpus, which this Court construes as a motion to amend the habeas petition. For the reasons stated below, petitioner's motion to reinstate the petition for writ of habeas corpus to the Court's active docket is **GRANTED.** The Court will further order that the caption be amended to reflect that petitioner's current warden is Carol Howes. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further

1

order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file an answer to the amended petition and the Rule 5 materials within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Carol Howes, the warden of the Florence Carne Correctional Facility in Coldwater, Michigan, where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no

indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file an answer to the amended habeas petition within one hundred and eighty days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## **ORDER**

Based on the foregoing, the Petitioner's request to reinstate his habeas application to the Court's active docket is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption is amended to reflect that the respondent is now Carol Howes.

**IT IS FURTHER ORDERED** That Petitioner's motion to amend the petition for writ of habeas corpus is **GRANTED.**

**IT IS FURTHER ORDERED** That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus [Court Dkt. # 15 ] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer to the amended habeas corpus petition and the Rule 5 materials within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

**SO ORDERED.**

s/Gerald E. Rosen
                               Chief Judge, United States District Court

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2010, by electronic mail and upon Terence Alvin Johnson, #464914, Florence Crane Correctional Facility, 38 Fourth Street, Coldwater, MI 49036 by ordinary mail.

                               s/Ruth A. Gunther
                               Case Manager